UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CONNALLY,<br><br>    Plaintiff,<br><br>    v.<br><br>ALCOS FAMOUS MARKET DELI & BAKERY, et al.,<br><br>    Defendants. | Case No. 15-cv-06313-SK<br><br>**REFERRAL FOR REASSIGNMENT AND REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE**<br><br>Regarding Docket No. 14 |

This matter comes before the Court upon consideration of the motion for substitution filed by Michael J. Connally, the brother of the deceased plaintiff Patrick Connally.[1] Several of the defendants have not consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), and, therefore, the Court does not have authority to make a dispositive ruling in this case. Accordingly, the Court orders that this case be REASSIGNED to a District Judge. For the reasons set forth below, the Court RECOMMENDS that the District Court DENY the motion to substitute and DISMISS the remaining state law claims without prejudice.

The Court held a hearing on the motion to substitute, but no parties appeared. At 3:50 p.m. on May 31, 2016, ten minutes before the Clerk's office closes, Plaintiff filed a request to appear by telephone at the hearing scheduled for 9:30 a.m. the following morning. Plaintiff did not provide any reason for the need to appear by telephone or explain why the administrative motion was filed so late. The Court denied the request without prejudice. Plaintiff's counsel then left a voicemail message on the morning of the hearing explaining that he did not plan to attend the hearing. No Defendants appeared. The parties are admonished that attendance at Court hearings is not

---

[1] Counsel for Patrick Connally and Michael J. Connally purports to be the one moving for substitution. However, as counsel, he is filing the motion on behalf of his clients.

voluntary. In the future, any failure by these attorneys, particularly the moving party, to attend hearings or otherwise abide by the Court's Standing Orders will be sanctioned.

Patrick Connally filed suit against Defendants for denial of full and equal enjoyment and use under Title III of the Americans with Disabilities Act of 1990 ("ADA"). Claims also include California state claims pursuant to the Unruh Act, California Civil Code § 51, California's Health and Safety Code § 19955, and California Civil Code §§ 54, 54.1 and 54.3. Patrick Connally died on February 1, 2016, before the resolution of this matter. (Dkt. 14-4). His brother, Michael J. Connally, is now moving to substitute in as plaintiff pursuant to Federal Rule of Civil Procedure 25(a)(1) ("Rule 25").

Rule 25(a)(1) governs the substitution of parties after the death of a plaintiff.[2] *See First Idaho Corp. v. Davis*, 867 F.2d 1241, 1242 (9th Cir. 1989) ("Rule 25(a) dictates the method of substitution of parties in the federal courts and is purely procedural"). When a party dies and the claim is not extinguished by applicable substantive law, the court may order substitution of the deceased party with the proper legal representative. Fed. R. Civ. P. 25(a)(1); *Hilao v. Estate of Marcos*, 103 F3d 762, 766 (9th Cir. 1996).

Patrick Connally's sole federal claim is under Title III of the ADA. Private individuals may only obtain injunctive relief under Title III. *See* 42 U.S.C. § 12188(a); *see also Wander v. Kaus,* 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA – only injunctive relief is available for violations of Title III"); *Fisher v. SJB-P.D. Inc.*, 214 F.3d 1115, 1120 (9th Cir. 2000) ("Monetary relief is not an option for private individuals under Title III of the ADA."). Because claims for injunctive relief require a real or immediate threat of irreparable harm, the death of Patrick Connally rendered his ADA claim moot. *Kennerly v. United States*, 721 F.2d 1252, 1260 (9th Cir. 1983); *see also ISC, Inc. v. California,* 379 F. App'x 577 (9th Cir. 2010) (finding the party's claims were moot in light of his recent death). Therefore,

---

[2] Rule 25(a)(1) provides in pertinent part: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased . . . ." Fed. R. Civ. P. 25(a)(1).

2

Patrick Connally's death extinguished his ADA claim, and Michael Connally may not be substituted in as the plaintiff for the ADA claim. Accordingly, the Court RECOMMENDS that the ADA claim be DISMISSED as moot.

Absent the ADA claim, there is no independent basis for the exercise of federal jurisdiction. The Court FURTHER RECOMMENDS that, pursuant to 28 U.S.C. § 1367(c)(3), the District Court decline to exercise supplemental jurisdiction over the remaining state law claims and DISMISS them without prejudice.

**IT IS SO ORDERED**.

Dated: June 1, 2016



_____
SALLIE KIM
United States Magistrate Judge